

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00088-CR

---

WALTER ORELLANA, APPELLANT

V.

STATE OF TEXAS, APPELLEE

---

On Appeal from the 46th District Court of
Wilbarger County, Texas
Trial Court No. 12,452; Honorable Dan Mike Bird, Presiding

---

November 23, 2020

## CONCURRING OPINION

### Before QUINN, C.J., and PIRTLE and PARKER, JJ.

The majority concludes that the jury had before it sufficient evidence on which it could conclude, beyond a reasonable doubt, that Appellant was not justified in using deadly force against Officer Sessions because Appellant had "provoke[d] the [officer's] use or attempted use of unlawful deadly force" by rapidly reversing his vehicle while the officer was attempting to remove Appellant from his vehicle while effecting a lawful arrest. Relying on *Braughton v. State*, 569 S.W.3d 592, 606, 608-09 (Tex. Crim. App. 2018), and section 9.31(b) of Texas Penal Code, the majority rejects Appellant's sole issue, finding

that any rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt and could have reasonably rejected Appellant's claim of self-defense by concluding he provoked the officer's use of force. Because I do not want to leave the impression that Officer Sessions's use of deadly force was "unlawful" in any way, I concur in the result, but write separately.

One being placed under arrest does have the right to resist the unlawful use of *excessive* force[1]—but such resistance must be judiciously exercised, with extreme restraint, in order to avoid an escalation of hostilities in an arena fraught with the potential of misinterpretation in the subsequent light of cool reflection. Specifically, the use of force to resist an arrest is only justified (1) if, before the actor offers any resistance, the officer uses or attempts to use greater force than necessary to make the arrest and (2) when and to the degree the actor reasonably believes the force he chooses to use is immediately necessary to protect himself against the officer's use or attempted use of excessive force. TEX. PENAL CODE ANN. § 9.31(c) (West 2019). The use of deadly force is never justified under section 9.31(c) except as provided in sections 9.32 and 9.33. *See* TEX. PENAL CODE ANN. § 9.31(d).

Under sections 9.32 and 9.33, in addition to the requirements of section 9.31(c), a person is only justified in using deadly force against another when and to the degree the actor reasonably believes the deadly force is immediately necessary (A) to protect the actor against the other's use or attempted use of *unlawful deadly force* or (B) to prevent the other's imminent commission of aggravated kidnapping, murder, sexual assault,

---

[1] "If the officer uses more force than necessary [to make an arrest], the suspect would then be justified to resist arrest." *State Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 579 (Tex. 2001).

aggravated sexual assault, robbery, or aggravated robbery. *See* TEX. PENAL CODE ANN. § 9.32(a) (use of deadly force in defense of self) (emphasis added). *See also* § 9.33 (similar provision pertaining to the use of deadly force in defense of third persons).

As the majority has properly stated, when reviewing the sufficiency of the evidence in the context of evaluating the jury's rejection of a defendant's claim of self-defense in this case, Appellant would be justified in using deadly force against Officer Sessions (1) if he would be justified in using force against Officer Sessions under section 9.31 and (2) "when and to the degree" Appellant reasonably believed deadly force was immediately necessary to protect himself against Officer Sessions's use of *unlawful deadly force.* Because Appellant has not shown Officer Sessions's use of deadly force to be unlawful, or even that he reasonably believed the use of deadly force was immediately necessary to protect himself from what he perceived to be unlawful deadly force, he has failed to meet his burden of proof. As a reviewing court, we may not re-evaluate the weight and credibility of the evidence in the record and thereby substitute our judgment for that of the original fact finder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

Precedent from the Court of Criminal Appeals has long held that in a claim of self-defense, a defendant bears the burden to produce evidence supporting that defense, while the State retains the burden of persuasion to disprove the issues raised. *Braughton*, 569 S.W.3d at 592; *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). The State's burden is "not one that requires the production of evidence, rather it requires only that the State prove its case beyond a reasonable doubt." *Braughton*, 569 S.W.3d at 608 (citing *Saxton v. State*, 804 S.W.3d 910, 913 (Tex. Crim. App. 1991)). Accordingly, in resolving a sufficiency of the evidence issue such as we have in this case, we do not look

3

to see whether the State refuted Appellant's self-defense testimony; rather, we examine the record to determine whether, after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of the offense beyond a reasonable doubt and also would have found against Appellant on the self-defense issue beyond a reasonable doubt. *Braughton*, 569 S.W.3d at 609; *Saxton*, 804 S.W.2d at 914.

Under section 9.31(d) of the Texas Penal Code, Appellant would never have been justified in using deadly force in response to Officer Sessions's use of *lawful* deadly force. Furthermore, Appellant has not shown that he reasonably believed his use of deadly force was immediately necessary to protect himself from what he perceived to be unlawful excessive force. Accordingly, I find the State carried its burden of presenting legally sufficient evidence on which a reasonable jury could conclude, beyond a reasonable doubt, that Appellant committed the aggravated assault for which he was charged and that he was not acting in self-defense at the time he committed the acts constituting that offense. As such, Appellant's sole issue is overruled.

#### CONCLUSION

I also affirm the judgment of the trial court.

Patrick A. Pirtle
Justice

Do not publish.

4